UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Allan CONTRERAS (A-Number: 208-453-972), <br><br> Petitioner, <br><br> v. <br><br> Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Todd BLANCHE, Acting U.S. Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Sergio ALBARRAN, Acting Director, San Francisco Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; Warden of the Golden State Annex Facility; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Respondents. | No.  1:26-cv-02743-KES-SKO (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN SEVEN DAYS <br><br> Doc. 1 |

Petitioner Allan Contreras is a 19-year-old immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition—that the Due Process Clause requires a bond hearing at which the government must prove by clear and convincing evidence that a noncitizen is a flight risk or a danger when a noncitizen has previously been

1

released from detention and is subsequently re-detained.  *See, e.g.*, *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 4.  Respondents argue that this case is distinguishable because petitioner "had an encounter with law enforcement and was re-detained as a result of that encounter."  Doc. 6 at 1.  They note that petitioner was arrested and charged with being an alien in possession of a firearm, although petitioner's criminal case was subsequently dismissed almost a year ago.  *See id.* at 1–2; *see also* Doc. 1 at ¶ 3.  While the circumstances of that now-dismissed criminal charge might be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's due process right to a such determination.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).  While respondents oppose the petition, they do not raise any other new arguments.  *See id.* at 1–3.

As respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025), and *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Allan Contreras (A-Number: 208-453-972) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and provide him and his counsel with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate by clear and convincing evidence that petitioner is a flight risk or danger to the community.  If respondents do not provide petitioner with a bond hearing within seven days, then respondents must release him.

/ / /

2

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

    Dated:    April 15, 2026

_____
UNITED STATES DISTRICT JUDGE

3